UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY HARRISON #220488,

    Plaintiff,

v.

JAMIE VANDERMOLEN, et al.,

    Defendants.
_____/

Case No. 1:23-cv-764

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jeffrey Harrison alleges that nurses Poulin and VanderMolen were deliberately indifferent to his medical needs while he was an inmate at the Muskegon County Correctional Facility. The Court has reviewed Magistrate Judge Berens's Report and Recommendation (ECF No. 86) advising this Court to grant Summary Judgment to the defense. Plaintiff objects. (ECF Nos. 87, 89). Under the Federal Rules of Civil Procedure, when a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge. After its review, the Court finds that Judge Berens's Report and Recommendation is factually and legally sound.

## DISCUSSION

Plaintiff Jeffrey Harrison had a successful appendectomy at the hospital on July 19, 2022. His claim here is that he should have gone to the hospital the night before when he complained to one or more corrections officers about abdominal pain and other related symptoms. Harrison admits he never had any direct contact with nurses VanderMolen or Poulin that night, but he claims one or more corrections officers gave the nurses information about his serious medical needs to which the nurses were then deliberately indifferent. The nurses say they are not liable because they had no information that night about Harrison's need for any emergent relief. At first blush that sounds like a fact issue that would preclude summary judgment for either side. But, as the Magistrate Judge found, Harrison lacks any admissible evidence to contradict the nurses' own sworn statements about what they knew the evening of July 18. And based on that record, the nurses are entitled to summary judgment as the Magistrate Judge concluded.

To prevail in an Eighth Amendment deliberate-indifference claim for failure to provide adequate medical care, a prisoner-plaintiff must present evidence from which a trier of fact could conclude that a defendant "subjectively perceived facts from which to infer substantial risk" of plaintiff suffering serious medical harm, "'did in fact draw the inference, . . . and then disregarded that risk' by failing to take reasonable measures to abate it." *Rhinehart v. Scutt*, 894 F.3d 721, 738

(6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The nurse defendants both assert in statements subject to penalty of perjury that they had no information about Harrison that led them to believe he was suffering from any serious condition needing immediate attention. Plaintiff's attempt to create a triable issue of fact with respect to RN VanderMolen depends on using his own account of what he claims CO Zang told him about what CO Zang told RN VanderMolen. As the Magistrate Judge determined, what Harrison says Zang said about Zang's conversation with VanderMolen is inadmissible hearsay. With respect to RN Poulin, Plaintiff's evidence is no better. To contradict RN Poulin's admissible statements denying knowledge of any symptoms, indicating Harrison was suffering a serious medical condition the night of July 18, he points again simply to words allegedly spoken by CO Zang and other evidence showing that Poulin was on site that evening. From this evidence, Harrison then speculates about what RN Poulin must have known or heard.

In sum, the only admissible evidence in this case indicates that RN Poulin never knew about Plaintiff's symptoms and that RN VanderMolen never had reason to suspect those symptoms were indicative of appendicitis. The Court adopts the Magistrate Judge's analysis detailing these conclusions and overrules Plaintiff's objections. Summary judgment in favor of Defendants is appropriate. The Magistrate Judge also correctly concluded that Plaintiff has failed to establish a basis for sanctions against defendants for filing their successful summary judgment motion.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 86) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that is the defense Motion for Summary Judgment (ECF No. 57) is GRANTED and plaintiff's claims against defendants VanderMolen and Poulin are **DISMISSED WITH PREJUDICE**.

A separate Judgment will enter.


Dated:   September 23, 2025             /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        UNITED STATES DISTRICT JUDGE